SETH ADAMS & another *vs.* BOSTON IRON COMPANY.

A contract to build and set up engines for a corporation was made with them through their agent, who became insolvent before the engines were completed, and the contractor thereupon, supposing the principals to be involved in their agent's insolvency, stopped his work, carried away parts of the engines already set up, and gave notice that he should not complete the engines without further security, and the corporation told him that they did not consider themselves bound by the contract. *Held,* that the contract was discharged, and could not be enforced against the corporation without evidence of a new agreement by them that the contractor should go on and complete it.

ACTION OF CONTRACT upon an agreement in writing, made with the plaintiffs by the defendants through Horace Gray, their treasurer and general agent, in December 1846, to build four steam engines and set them up at South Boston on or before the 1st of July 1847; the defendants agreeing on their part to have the foundations ready six weeks before, and to pay for the engines, one half in April 1847, and the other half within thirty days after they should be completed and set up.

At the trial before *Merrick,* J., one of the plaintiffs testified that they were paid half the price by Gray in April 1847, finished two of the engines in July or August 1847, and went on with the others as fast as the foundations were ready to receive them; that in November 1847, the last two engines not being yet completed, but so far advanced that they would have been finished and started in a day or two, Gray became insolvent; that the plaintiffs then, supposing the defendants to be involved in the insolvency of their agent, and in order to make themselves as safe as possible, took away such parts of the engines already set up as could easily be removed; that the witness asked the defendants' treasurer, appointed after the failure, whether the defendants wished the plaintiffs to complete and finish the engines according to the agreement, and in reply was told that the corporation never made nor were bound by any agreement with the plaintiffs. There was no evidence that the defendants gave any subsequent consent to the completion of

the work, or assumed any further liability. But it appeared that the plaintiffs afterwards completed the engines for the Massachusetts Iron Company, to whom these works belonged, reserving all the plaintiffs' rights against these defendants.

The defendants contended that the agreement was discharged by the refusal of the plaintiffs to continue the work, and could not be held binding on the defendants, without proof of some subsequent agreement by them, and that there was no evidence which would sustain a verdict for the plaintiffs. And of this opinion was the presiding judge. A verdict was taken for the defendants accordingly, and his ruling was now confirmed bv the whole court.

*R. Choate & C. W. Loring,* for the plaintiffs.

*E. R. Hoar,* for the defendants.